# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN TOLE MOXLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68118

FILED

JAN 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant John Tole Moxley's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Moxley argues that he received ineffective assistance of trial and appellate counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency

17-01231

prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions, *Strickland*, 466 U.S. at 690, and appellate counsel need not raise every non-frivolous issue or raise meritless issues, *Kirksey*, 112 Nev. at 998, 923 P.2d at 1113-14.

Moxley first argues that the district court should have conducted an evidentiary hearing regarding his claim that trial counsel should have investigated whether witness R. Perez was unavailable. Perez testified in Moxley's first trial, and his earlier testimony was admitted in the second trial after Perez was found to be unavailable. The trial court found that the State exercised reasonable, good-faith diligence in attempting to produce Perez when the State sent a transport order to the prison and filed a copy of the order with the trial court, noted that Perez had been transported and available on the 11 previous instances that the matter had been set for trial, learned only during trial that the prison never received this order and did not transport Perez, and sent its investigator to the local jail, where he was told that Perez was not there. The record strongly supports the trial court's unavailability determination, *see Quillen v. State*, 112 Nev. 1369, 1374-76, 929 P.2d 893, 896-98 (1996), and we conclude that Moxley has not shown that trial counsel was deficient in failing to challenge the trial court's well-supported determination. The record further belies Moxley's contention that Perez had in fact been transported and was available, and we conclude that Moxley has failed to show that further investigation would

have brought about a reasonable probability of a different outcome.[1] As Moxley has failed to assert a claim that is not belied or repelled by the record, the district court therefore did not err in denying this claim without an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

Second, Moxley argues that trial counsel should have investigated a potential *Brady v. Maryland*, 373 U.S. 83 (1963), claim involving a white t-shirt that supported his account of the incident. The district court found that the record did not show that the shirt was impounded by the police as claimed and expressed doubt that the shirt existed. Moxley has not shown that the district court's finding is not entitled to deference and has thus failed to show that the State withheld material, favorable evidence. Because this *Brady* claim lacks merit, *see Mazzan v. Warden*, 116 Nev. 48, 66-67, 993 P.2d 25, 36-37 (2000) (applying *Brady* and explaining that the State must disclose material, favorable evidence to the defense), we conclude that Moxley failed to show that trial counsel's omission of this claim was deficient or that he suffered prejudice. The district court therefore did not err in denying this claim.

Third, Moxley argues that trial counsel should have objected to the admission of his testimony from his first trial at his second trial because the testimony contained improper prior-bad-act and impeachment evidence. The district court found that the portions that Moxley contends

---

[1]Moxley cannot consent to the district judge's inquiry in contacting the prison and now claim on appeal that the judge acted improperly. *Cf. Dias v. State*, 95 Nev. 710, 714, 601 P.2d 706, 709 (1979) (holding hearsay claim was waived by defense tactics). Further, Moxley has not shown that the propriety of such judicial conduct bears on the merits of his ineffectiveness claim.

 

were inadmissible had been redacted from the testimony that was read to the jury at the second trial. Moxley does not argue that this finding is not entitled to deference and has not provided record citations supporting a contention to the contrary. *See* NRAP 28(a)(10)(A). As this claim is belied by the record, we conclude that the district court did not err in denying it.

Fourth, Moxley argues that trial counsel should have challenged the "abandoned and malignant heart" language in one of the jury instructions. We have held that the use of this language is not error and that it is "archaic but essential." *Leonard v. State*, 117 Nev. 53, 79, 17 P.3d 397, 413 (2001). To the extent that Moxley argues that the State improperly quantified the reasonable doubt standard in related argument, we previously determined that the State's comment was not error, *Moxley v. State*, Docket No. 47497 (Order of Affirmance, September 28, 2009), and relitigation is barred by the law of the case, *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). As the underlying challenges lack merit, we conclude that Moxley has failed to show that trial counsel was deficient in failing to make them or that he was prejudiced by their absence. The district court therefore did not err in denying this claim.

Fifth, Moxley argues that trial counsel should have challenged the admissibility of M. Jensen's testimony as lacking foundation. We previously rejected Moxley's claim that Jensen's testimony was inadmissible as discussing uncharged bad acts, and the law of the case bars relitigation of this issue and "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Id.* at 316, 535 P.2d at 799. As this claim is barred, we conclude that the district court did not err in denying it.

Sixth, Moxley argues that appellate counsel should have sought to enforce a purported plea agreement. After an evidentiary hearing on this issue in which prosecutors asserted that they agreed to consider offering but did not offer voluntary manslaughter and standby counsel testified that the parties had fruitful negotiations toward a future agreement but did not finalize terms, the district court concluded that no plea agreement had been entered. As we determine that the record supports the district court's conclusion, any appellate challenge would have been futile, and appellate counsel is not ineffective for failing to raise futile challenges. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Moxley's claim that he detrimentally relied on these negotiations fails because his contention that the State made any promise to him is a bare allegation repelled by the record, *see State v. Crockett*, 110 Nev. 838, 843, 877 P.2d 1077, 1079-80 (1994) (holding that plea agreement may be enforceable where defendant detrimentally relies on *a prosecutorial promise* made during negotiations), and, as this underlying claim lacks merit, we conclude that appellate counsel was not deficient in not raising it nor was Moxley prejudiced by its absence. The district court therefore did not err in denying this claim.

Seventh, Moxley argues that appellate counsel should have challenged the district court's denial of his request to represent himself. The record is replete with instances of Moxley's efforts to delay, disrupt, and control the proceedings, and thus the district court did not abuse its discretion in denying Moxley's request. *See Vanisi v. State*, 117 Nev. 330, 338-40, 22 P.3d 1164, 1170-71 (2001). As we conclude that this appellate claim lacks merit, Moxley has failed to show that appellate counsel was

deficient in omitting it or that he suffered prejudice. The district court therefore did not err in denying this claim.

Having considered Moxley's contentions and concluded that the district court did not err, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Michael Villani, District Judge
      Matthew D. Carling
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk